13-314-cv
Donofrio v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT DONOFRIO,

Plaintiff-Appellant,

-v-                                          13-314-cv

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, GREGG JACOBY, both in his individual and official capacity, PAUL PARONICH, both in his individual and official capacity, "JOHN DOES" 1-10, both in their individual and official capacities, the identity and number of whom is presently unknown to the plaintiff, JOHN GROGAN, MICHAEL YANOSIK, DAVID BLIVEN,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Robert Donofrio, pro se, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:     Kristin M. Helmers, Michael J. Pastor, New York City Law

Department, for Zachary Carter,
Corporation Counsel of the City of
New York, New York, New York.

Appeal from the United States District Court for the
Eastern District of New York (Kuntz, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Robert Donofrio, proceeding pro se,
appeals from the district court's judgment and decision and
order, both entered December 21, 2012, granting summary judgment
in favor of New York City Police Department officers Gregg Jacoby
and Paul Paronich, and dismissing his complaint in its entirety.
We assume the parties' familiarity with the underlying facts, the
procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo,
resolving all ambiguities and drawing all inferences in favor of
the non-moving party. Nagle v. Marron, 663 F.3d 100, 104-05 (2d
Cir. 2011). Reliance upon conclusory statements or mere
allegations, however, is not sufficient to defeat summary
judgment. See Davis v. New York, 316 F.3d 93, 100 (2d Cir.
2002); Fed R. Civ. P. 56(e).

Donofrio, a civilian employee of the New York City
Police Department, had a Florida concealed weapons permit. He
was arrested on felony charges in July 2002. New York City
Police Captain Gregg Jacoby contacted Florida authorities and
learned that a concealed weapons permit is suspended if the
holder is arrested. In December 2002, Jacoby confiscated

-2-

Donofrio's permit and mailed it to the Florida Department of Agriculture and Consumer Services, Division of Licensing. Although the charges against Donofrio were dismissed in September 2002, the Kings County Criminal Court did not issue a certificate of disposition to that effect until January 9, 2003. The State of Florida returned Donofrio's permit to good standing in February 2003. Donofrio brought this action below, asserting, inter alia, substantive due process, Fourth Amendment, and civil conspiracy claims.

After an independent review of the record and relevant case law, we find no error in the district court's dismissal of Donofrio's substantive due process claim. No reasonable fact-finder could conclude that the defendants' conduct "shock[ed] the contemporary conscience." See Okin v. Vill. of Cornwall-On-Hudson Police Dep't, 577 F.3d 415, 431 (2d Cir. 2009) ("To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." (internal quotation marks omitted)).

The district court did not separately address Donofrio's Fourth Amendment or civil conspiracy claims, as it considered only his substantive due process claim. We see no need, however, to remand for the district court to consider the additional claims. See Booking v. Gen. Star Mgmt. Co., 254 F.3d 414, 418-19 (2d Cir. 2001) ("[W]e have discretion to consider

issues that were raised, briefed, and argued in the District Court, but that were not reached there.").

On appeal, Donofrio does not raise any identifiable arguments about his Fourth Amendment or conspiracy claims. <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 93 (2d Cir. 1995) (holding that, although "appellate courts generally do not hold <u>pro se</u> litigants rigidly to . . . formal briefing standards. . . . <u>pro se</u> litigants should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument" (internal quotation marks and citations omitted)). He has therefore waived review of these claims on appeal. <u>See</u> <u>id.</u> at 92-93.

Even had he not waived these claims, we would conclude that his arguments fail nonetheless. First, his Fourth Amendment argument is unavailing. "To determine whether a seizure is unreasonable, a court must 'balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion' and determine whether 'the totality of the circumstances justified [the] particular sort of . . . seizure.'" <u>Carroll v. Cnty. of Monroe</u>, 712 F.3d 649, 651 (2d Cir. 2013) (quoting <u>Tennessee v. Garner</u>, 471 U.S. 1, 8-9 (1985)). "We have long held that the plaintiff has the burden to prove that a seizure was unreasonable." <u>Id.</u> Even assuming the facts are as Donofrio alleges, in light of the totality of the circumstances here and on the record before the district court, Donofrio cannot

-4-

meet that burden.  Second, as Donofrio's substantive claims fail on the merits, his civil conspiracy claim must fail as well.  <u>See</u> <u>Droz v. McCadden</u>, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.").

* * *

We have considered Donofrio's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk