George v. U.S. Equal Employment Opportunity Commission

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Andrew George,

> *Plaintiff-Appellant,*

> v.                                                                    **19-332**

U.S. Equal Employment Opportunity
Commission,

*Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:         Andrew George, pro se, Bronx, NY.

FOR DEFENDANT-APPELLEE:         No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Andrew George, pro se, sued the Equal Employment Opportunity Commission ("EEOC"), the EEOC District Director, and three EEOC investigators, alleging that his claims against his employer were handled by the EEOC in a discriminatory manner. George paid the filing fee in connection with this action. The district court dismissed the action sua sponte, reasoning that the defendants were immune from suit and that Title VII of the Civil Rights Act ("Title VII") provides no express or implied cause of action against the EEOC for claims that it failed to properly investigate or process an employment discrimination charge. The district court also denied George's motion for reconsideration, stating that George failed to demonstrate that the court overlooked any controlling decisions

2

or factual matters. George appeals from the orders dismissing his action sua sponte and denying his motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

While this Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Despite affording pro se litigants "some latitude in meeting the rules governing litigation," the Court "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotations marks omitted)); *Norton v. Sam's Club*, 145

F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding pro se . . . .").

George's argument on appeal focuses solely on reasserting the errors allegedly made by the EEOC. His brief does not contain any argument that the district court erred in sua sponte dismissing his complaint or in denying his motion for reconsideration, as required under the federal rules. *See* Fed. R. App. P. 28(a). Because George's appellate brief fails to challenge either the basis for the district court's sua sponte dismissal of his complaint or the denial of reconsideration, we find that he has abandoned such challenges on appeal. *See Terry*, 826 F.3d at 632–33; *LoSacco*, 71 F.3d at 93.

We have considered all of George's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4