Porter v. Uhler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>GERARD E. LYNCH,
>>*Circuit Judge*,
>LEWIS A. KAPLAN,*
>>*District Judge*.

_____

Larry Porter,

>*Plaintiff-Appellant*,

>v.                                                                            19-992

Donald Uhler, Anthony Annucci,

>*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                      Larry Porter, pro se, Dannemora, NY.

FOR DEFENDANTS-APPELLEES:                     Sarah L. Rosenbluth, Assistant Solicitor General, New York State Office of the Attorney General, Albany, NY.

_____

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Larry Porter, pro se and incarcerated, appeals the district court's grant of summary judgment in favor of defendants-appellees Donald Uhler and Anthony Annucci. Porter sued the defendants under 42 U.S.C. § 1983, claiming that the length and conditions of his confinement in a special housing unit for 28 years violated his Eighth and Fourteenth Amendment rights. The district court determined that: (1) Porter failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act ("PLRA"); (2) Porter abandoned any procedural due process claim; and (3) Porter's substantive due process claim was subsumed by his Eighth Amendment claim and failed on the merits. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Forfeiture of Claims

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires

appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."). Furthermore, arguments that were not raised in the district court are also considered forfeited on appeal. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam).

Porter did not argue, either in the district court or on appeal, that he personally submitted a grievance raising some or all of his claims. Nor does he argue that the district court improperly held that the defendants' evidence concerning his grievance appeals was sufficient to show that he failed to exhaust administrative remedies. Thus, he has forfeited any such argument. Instead, Porter argues only that the district court erred in holding that his claims were not exhausted through a separate class action. For the reasons discussed below, that argument is meritless.

## II. Porter's Exhaustion Argument

Porter argues that his claims were properly exhausted through a separate class action. But under the PLRA, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). And the New York State Department of Corrections and Community Supervision ("DOCCS") requires that grievances be "personal" and "filed in an individual capacity." 7 N.Y.C.R.R. § 701.3(b). Further, DOCCS does not accept grievances purporting to represent a class. *Id.* § 701.3(d). Thus, because the

3

DOCCS regulations clearly require individually filed grievances, the plaintiffs in a separate class action could not have exhausted Porter's remedies.

### III. Porter's Other Appellate Arguments

Porter's argument concerning the district court's reliance on his deposition transcript fails because Porter never explained, either in the district court or on appeal, what the alleged errors were in that transcript or how they should have been corrected. Porter's argument that the district court erred in granting summary judgment to the defendants because they failed to dispute Porter's asserted facts and arguments, including by failing to submit a reply memorandum of law, is also unavailing. The record reflects that the defendants opposed Porter's summary judgment motion by filing a cross-motion for summary judgment, and they filed a response to Porter's statement of material facts outlining the facts that they disputed. Further, the defendants could not have filed a reply brief in support of their cross-motion for summary judgment under the district court's local rules. N.D.N.Y. Local Rule 7.1(c) ("The cross-moving party may not reply in further support of its cross-motion without the Court's prior permission.").

Finally, Porter's argument that the district court improperly characterized his objections as conclusory is unavailing because the district court nevertheless conducted a de novo review of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1) (stating that a district court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

We have considered all of Porter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4