Lee v. Saul

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty.

PRESENT:
RALPH K. WINTER,
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

─────────────────────────────

Danny Lee,

*Plaintiff-Appellant*,

v.                                                                        19-563

Andrew Saul, Commissioner of Social Security,

*Defendant-Appellee.*

─────────────────────────────

FOR PLAINTIFF-APPELLANT:          Danny Lee, *pro se*, San Diego, CA.

FOR DEFENDANT-APPELLEE:          Samuel Dolinger, Christopher Connolly, Assistant United States Attorneys, of counsel, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Danny Lee, *pro se*, sued the Acting Secretary of the Social Security Administration ("SSA") in 2015 for employment discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and for failure to make reasonable accommodations, hostile work environment, and retaliation under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* Lee, who claims to have a physical disability – avascular necrosis of the hip – alleged that the SSA discriminated against him based on his race, color, sex, religion, national origin, and disability; failed to reasonably accommodate his disability by not supplying him with a functional printer, an exclusively electronic caseload, and disabled parking; subjected him to a hostile work environment; and retaliated against him for lodging Equal Employment Opportunity

2

("EEO") complaints by assigning him to process certain paper cases in June 2011 despite his request for an electronic caseload. In 2017, the district court dismissed all of Lee's claims except for retaliation under the Rehabilitation Act. In 2019, the district court granted summary judgment on the retaliation claim. Lee appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We decline to reach the merits of Lee's claims, as even a generous reading of Lee's papers reveals that he waived all of his claims on appeal. Although we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Thus, despite affording *pro se* litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Id.* at 209; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief.") (internal quotation marks omitted).

3

Nor will we usually decide issues that an appellant raises only in passing.  *See, e.g.*, *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (*pro se* litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing").

Here, other than mentioning "Title VII" twice in his brief, Lee fails to argue that the district court erred in dismissing his Title VII claims, and he addresses discrimination and retaliation based only on physical disability, which is not covered by Title VII.  *See* 42 U.S.C. § 2000e-2(a).  He waived his Rehabilitation Act hostile work environment claim by failing to mention it at all in his brief.  And while he reiterates his grievances that he was denied reasonable accommodations and retaliated against under the Rehabilitation Act, he provides no argument showing how the district court erred in dismissing his reasonable accommodations claim or in granting summary judgment on the retaliation claim.  Nor does he specify the portions of the extensive record upon which he seeks to rely.  *See Terry*, 826 F.3d at 632–33; Fed. R. App. P. 28(a)(8).  Consequently, he has waived these claims as well.  *See Gerstenbluth*, 728 F.3d at 142 n.4.

We have reviewed the remainder of Lee's arguments and find them to be without merit.  For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4