Williams v. New York City Housing Authority

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

PRESENT:
>ROBERT D. SACK,
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>*Circuit Judges.*

_____

Gina Williams,

>*Plaintiff-Appellant*,

>v.                                                                          19-1464

New York City Housing Authority,
Teamsters Local 237,

>*Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Gina Williams, pro se, Queens, NY. |
| **FOR DEFENDANT-APPELLEE NEW YORK CITY HOUSING AUTHORITY:** | Jane E. Lippman, *for* Kelly D. MacNeal, Executive Vice President and General Counsel, New York City Housing Authority, New York, NY. |

**FOR DEFENDANT-APPELLEE**          Kate M. Swearengen, Cohen, Weiss, and Simon
**TEAMSTERS LOCAL 237:**          LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Gina Williams, pro se, sued her employer, the New York City Housing Authority, and her union, Teamsters Local 237, under 42 U.S.C. § 1983 and New York Civil Service Law § 75 ("CSL § 75"), alleging that the "local hearing" disciplinary procedure in the defendants' collective bargaining agreement ("CBA") violated her due process rights. She alleged that due process required that she receive certain procedural protections (such as the right to an attorney and an opportunity to appeal) at her local hearing, which were not included in the CBA provision. She also alleged that the defendants conspired against her in executing an unlawful CBA and that the CBA violated CSL §§ 201(12) and 204-a(1) because the CBA—specifically, the local hearing provision—was not approved by the legislature. The district court dismissed Williams's complaint holding, inter alia, that because she raised the identical due process claims in a prior state court Article 78 proceeding, collateral estoppel barred her from relitigating those issues in district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint for failure to state a claim, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor," *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). A complaint must plead "enough facts to state a

claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Although all allegations in the complaint are assumed to be true, this tenet does not apply to legal conclusions.   *Id*.   We also review de novo the district court's application of res judicata and collateral estoppel.   *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010).   Pro se litigants are entitled to "special solicitude," and their complaints are interpreted to raise the strongest claims they suggest.   *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).

## I.      Judicial Notice

As an initial matter, we note that the district court did not explicitly take judicial notice of Williams's Article 78 petition or the state court's decision dismissing her petition.   However, the district court accurately cited caselaw holding that it may consider public records that may be judicially noticed in ruling on motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice.").   The district court did not err in considering Williams's Article 78 petition and state court decision because they were public records, and thus appropriate for judicial notice.   *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("[R]elevant matters of public record" are susceptible to judicial notice); *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including

3

case law and statutes."); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

## II. Waiver

While we liberally construe pro se complaints, pro se appellants must still comply with Fed. R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016). Nor will we normally decide issues raised only in passing. *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing").

Williams waived any challenge to the district court's holding that collateral estoppel prevents her from relitigating her due process claims by devoting two conclusory sentences in her brief to collateral estoppel, in which she asserts that collateral estoppel does not apply because the CBA is unlawful, referring to her arguments about the purported invalidity of the CBA raised earlier in her brief. She does not address the district court's conclusion that Williams raised, and the state court addressed, identical due process issues in state court, and that she had a full and fair opportunity to litigate those issues in state court. We therefore affirm the dismissal of her procedural due process claims.

## III. Remaining Claims

The district court did not address Williams's § 1983 conspiracy claim or directly address her CSL §§ 201(12) and 204-a claims. We may affirm for any reason supported by the record.

4

*See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 580 (2d Cir. 2006).

Williams also waived any challenge to the district court's dismissal of her § 1983 conspiracy claim by devoting only one conclusory sentence to it in her brief on appeal—"[b]oth Defendants have jointly conspired to execute an invalid [CBA] over Plaintiff"—without providing any argument. *See Gerstenbluth*, 728 F.3d at 142 n.4. We therefore affirm as to this claim on the basis of waiver. *Beth Israel Med. Ctr.*, 448 F.3d at 580.

Finally, Williams failed to state a claim under CSL §§ 201(12) and 204-a. The CBA complied with CSL § 204-a by providing notice that whenever its terms required approval by other governmental bodies and officials to permit its implementation, it would not become effective until the appropriate legislative body has given that approval. *See* N.Y. Civ. Serv. L. § 204-a(1). But Williams provides no authority that the local hearing procedures—which she claims make the CBA unlawful and unconstitutional—require legislative approval, CSL § 201(12) indicates that is the exception, and neither CSL § 204-a nor § 201(12) contains any provision requiring legislative approval for the CBA's local hearing procedures (or disciplinary procedures generally). Williams's claim is further undercut by the fact that CSL § 76(4) permits public employers and unions to "supplement[], modif[y], or replace[]" disciplinary procedures set forth in CSL § 75 through a CBA. *Id.* § 76(4). Additionally, the New York Court of Appeals has clarified that while some public sector CBA provisions, such as those dealing with certain appropriation matters, require legislative approval, CSL §§ 201(12) and 204-a "do[] not by [their] terms vary or extend the instances in which legislative approval is necessary and do[] not create a necessity for *action by a legislative body where it does not otherwise exist.*" *Board of Educ. for City School Dist. of*

5

*City of Buffalo v. Buffalo Teachers Fed'n.*, 89 N.Y.2d 370, 375–77 (1996) (emphasis added; internal quotation marks omitted).   As indicated above, Williams points to no authority that the local hearing provision requires legislative approval.   Accordingly, while the district court did not explicitly dismiss Williams's §§ 201 and 204-a claim, we conclude that she failed to state a claim under those provisions and affirm dismissal on that basis.   *See Beth Israel Med. Ctr.,* 448 F.3d at 580.

  We have reviewed the remainder of Williams's arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

<div style="text-align:left; margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>