20-741-cv
*Kunik v. N.Y.C. Dep't of Educ.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RIMMA KUNIK,

> *Plaintiff-Appellant,*

> v.                                          20-741-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
PRINCIPAL KAYE HOULIHAN,
ASSISTANT PRINCIPAL DORISH MUNOZ FUENTES,
> *Defendants-Appellees.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR PLAINTIFF-APPELLANT:     Rimma Kunik, *pro se*, Pearl River, New York.

FOR DEFENDANTS-APPELLEES:     Elizabeth I. Freeman, Jeremy W. Shweder, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on January 31, 2020, is **AFFIRMED**.

Plaintiff-appellant Rimma Kunik, a retired high school teacher proceeding pro se, appeals from the district court's dismissal of her claims of employment discrimination and retaliation brought against defendants-appellees New York City Department of Education ("DOE"), Kaye Houlihan, and Dorish Munoz Fuentes (collectively, "defendants") pursuant to 42 U.S.C. § 1983 and state law. Kunik specifically challenged the district court's (1) September 29, 2017 dismissal of certain claims for failure to state a claim or as time-barred, and (2) January 31, 2020 award of summary judgment to defendants on her remaining claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Certain Claims Are Waived

We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). Despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998); *see also Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing [herself] is obliged to set out identifiable arguments in [her] principal brief." (internal quotation marks omitted)).

Kunik has waived any challenge to the district court's dismissal of her retaliation, procedural due process, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") claims by not raising any arguments concerning these claims in her principal brief to this Court. Her inquiry about the NYSHRL and NYCHRL claims in her reply brief, even if construed as an argument challenging dismissal, is insufficient to preserve those claims for appeal because we generally do not consider arguments raised for the first time in a reply brief, and nothing in the record before us warrants a departure from that rule. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Kunik

has also waived her claims against DOE by not challenging the district court's ruling on municipal liability.

## II.    Certain Claims Are Time-Barred

The district court properly dismissed Kunik's claims based on discriminatory actions taken prior to December 18, 2012 as time-barred.  In New York, "a plaintiff asserting a claim of discrimination under § 1983 must file suit within three years of the adverse employment action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015).  Here, Kunik filed her complaint on December 18, 2015. Accordingly, to the extent her § 1983 claims rely on alleged adverse employment actions that occurred prior to December 18, 2012, those claims are time-barred.

The district court also correctly determined that Kunik did not allege a "continuing violation" that would allow time-barred claims to be considered timely.  *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004) (noting that this exception does not apply to "*discrete* acts of discrimination . . . that occur outside the statutory time period" (emphasis in original)).  The discriminatory acts alleged to have occurred prior to this date were discrete acts, such as performance reviews or work assignment matters.

## III.    Certain Claims Are Not Facially Plausible

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir.

2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To establish a hostile work environment claim under § 1983, a plaintiff must show that the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create[s] an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) (internal quotation marks omitted). The plaintiff must establish not only that she subjectively perceived her work environment to be abusive, but also that "a reasonable person would find it hostile or abusive." *Id*. at 321 (internal quotation marks omitted). To be actionable under the Equal Protection Clause, moreover, a plaintiff must show that the abusive conduct occurred *because of* her membership in a protected class. *Id.* at 320. "Where an alleged constructive discharge stems from an alleged hostile work environment, a plaintiff must show working conditions so intolerable that a reasonable person would have felt compelled to resign." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010) (internal quotation marks omitted). The standard for such a constructive discharge is "higher than the standard for establishing a hostile work environment." *Id.*

The district court correctly determined that Kunik's amended complaint failed to state a claim for hostile work environment or constructive discharge because, drawing all reasonable inferences in her favor, it did not plausibly allege that her work environment was "permeated" with discrimination based on her age and religion, *Littlejohn*, 795 F.3d at 320, or that a reasonable person would have felt "compelled to resign" based on such discriminatory hostility, *Fincher*, 604 F.3d at 725. Kunik did not allege any overt discrimination based on her age or religion, much less any facts showing that "discriminatory intimidation, ridicule, and insult" was "sufficiently severe or pervasive" to alter the conditions of her employment or created an abusive working environment. *Littlejohn*, 795 F.3d at 320–21. While she did allege "religious discrimination and/or age discrimination" based on defendants' "demeanor," App'x at 320, her allegations of implicit discrimination were speculative and conclusory.

## IV. Certain Claims Do Not Present An Issue Of Fact For Trial

This Court reviews a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A party cannot defeat a motion for summary judgment

with "conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

Employment discrimination claims brought under § 1983 and the Equal Protection Clause are analyzed under the three-step *McDonnell Douglas* framework. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004) (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)). First, the plaintiff must establish a *prima facie* case of discrimination by showing that (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *See Vega*, 801 F.3d at 83. Once an employee has demonstrated a prima facie case, "[t]he burden then shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for the disparate treatment." *Id*. (quoting *McDonnell Douglas Corp.*, 411 U.S. at 802). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." *Id.* (internal quotation marks omitted). "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Id.* at 85 (internal quotation marks omitted). The change must be "more disruptive than . . . an alteration of job responsibilities," and may consist of "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly

diminished material responsibilities." *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 304 (2d Cir. 2017) (internal citations and quotation marks omitted).

On appeal, Kunik contends only that she was subject to an adverse employment action because her unsatisfactory performance review prevented her from being able to teach summer school and obtain other optional "per-session" work for additional income. She does not challenge the district court's other conclusions as to alleged adverse employment actions.

The district court correctly determined that her unsatisfactory performance review did not result in an adverse employment action as a matter of law for several reasons. First, the record is clear that Kunik had not applied for any position teaching summer school or other per-session work in 2013, the year she alleged she was prevented from doing so by her poor performance review; in fact, she had missed the deadline to apply before she received the rating. Moreover, DOE payroll records showed that she had not taught summer school since 2003. An "unsatisfactory" performance review is not an adverse employment action where it does not affect a person's "compensation, benefits, or job title." *Fairbrother v. Morrison*, 412 F.3d 39, 56-57 (2d Cir. 2005), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Second, even if Kunik had been denied the opportunity to earn income through teaching summer school or other per-session work, a reasonable jury could not

conclude that the denial of this additional work constituted "a material loss of benefits." *Shultz*, 867 F.3d at 304. Kunik testified that this work was "outside [her] permanent employment" and something she had to apply for. Kunik Deposition Tr. at 8–10, *Kunik v. New York City Dep't of Educ.*, No. 15-cv-9512 (S.D.N.Y. Jan. 18, 2019), ECF No. 63-2. Moreover, she was not earning income from per-session work at the time she received the "Unsatisfactory" rating, and she did not provide evidence that she suffered any other form of demotion or "material loss of benefits" as a result of that rating. *Shultz*, 867 F.3d at 304 (internal quotation marks omitted). Hence, the district court correctly granted summary judgment on this basis. *See Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002).

In addition, Kunik also failed to present sufficient evidence to permit a reasonable jury to find that any adverse action was motivated by discrimination or retaliation. She testified that defendants never commented on her age or religion, and she presented no evidence to support her speculative allegations that defendants harbored implicit bias towards her based on her age or religion. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999) ("[feelings and perceptions] of being discriminated against [are] not evidence of discrimination"). Moreover, although the record does contain evidence that Kunik was treated differently from other teachers in her department -- for example, she was given an "Unsatisfactory" performance review -- she

did not present evidence from which a reasonable jury could find the disparate treatment was motivated at least in part by her age or religion.

* * *

We have reviewed Kunik's remaining arguments on appeal and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk