Nunez v. Mitchell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

**Mark Nunez,**

> *Plaintiff-Appellant*,

> v.                                             **No. 18-2948**

**C.O. Rodney Mitchell, Shield No. 03867, in his individual and official capacity., C.O. David Jennings, Shield no. 6959, in his individual and official capacity, Police Officer Lebron, Badge No. 3255, in his individual and official capacity,**

> *Defendants-Appellees***.**

---

**FOR PLAINTIFF-APPELLANT:**          Mark Nunez, pro se, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**          David Lawrence III, Assistant
                                       Solicitor General, *for* Barbara D.

Underwood, Solicitor General, New York State Office of the Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mark Nunez, proceeding pro se on appeal, brought this action against two court officers and a police officer following a 2014 incident in a Bronx courthouse, during which Nunez was arrested. After the charges against him were dismissed, Nunez brought claims for, among other things, false arrest and malicious prosecution. The district court granted defendants' motion to dismiss, finding that the majority of Nunez's claims were time-barred and that Nunez failed to adequately plead § 1983 malicious prosecution and conspiracy claims. Nunez now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017), but pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Despite affording pro se litigants "some latitude in meeting the rules

2

governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) ("[E]ven a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (pro se litigant abandoned issue by failing to address it in appellate brief).

Nunez's appellate brief largely reiterates the allegations set forth in his amended complaint. While the brief does discuss the standards applicable to malicious prosecution claims, and in it Nunez asserts with respect to these claims that his allegations establish that one or more defendants acted with malice, his submission falls short of advancing an argument: it addresses an issue the district court did not reach and that was not necessary to its decision. Because Nunez's brief does not set forth arguments challenging the district court's reasons for dismissing his claims, Nunez has forfeited any challenge to the judgment of the district court. *See LoSacco*, 71 F.3d at 92-93. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3