21-1195-cv
Velez v. Cuomo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-two.

PRESENT:
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> *Circuit Judges.*

_____

**BIANCA VELEZ, MOMMY'S ME TIME,**

> *Plaintiff-Appellant,*

> v.                                          **21-1195**

**GOVERNOR ANDREW CUOMO, MAYOR BILL DE BLASIO, GAVIN NEWSOM, GOVERNOR OF CALIFORNIA, JAY INSLEE, GOVERNOR OF WASHINGTON, GRETCHEN WHITMORE, GOVERNOR OF MICHIGAN, TONY EVERS, GOVERNOR OF WISCONSIN, TOM WOLF, GOVERNOR OF PENNSYLVANIA,**

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Bianca Velez, pro se,
                                                Lakeland, FL.

**FOR DEFENDANTS-APPELLEES:**                   No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Bianca Velez, a Florida resident proceeding pro se, brought suit under 42 U.S.C. § 1983 against the Mayor of New York City, the Governor of New York, and the governors of several other states ("Defendants"), purportedly challenging those jurisdictions' COVID-19-related orders. A magistrate judge issued a Report and Recommendation ("R&R") recommending dismissal with leave to amend based on Velez's failure to allege standing to sue and to present a clear statement of her claims under the Federal Rules of Civil Procedure. The district court adopted the R&R. Velez then filed an amended complaint alleging that Defendants had engaged in general corruption and unlawful conduct in connection with allegedly unconstitutional COVID-19-related policies. The magistrate judge issued another R&R, recommending dismissal on the same grounds as before. Velez filed a purported second amended complaint but no objections to the R&R. Thereafter, the district court adopted the R&R, dismissed the first amended complaint, construed the new filing as a motion for leave to amend, and denied that motion because the previously identified errors had not been cured in the proposed pleading. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Velez has failed to raise any arguments before this Court that meaningfully challenge the basis for the district court's decisions below. Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a),

which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).  Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[] decide issues that a party fails to raise in his or her appellate brief."  *Moates*, 147 F.3d at 209; *see also Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (cleaned up)).  And we do not normally entertain challenges to district court rulings where the "substance of the . . . ruling" is mentioned only "obliquely and in passing."  *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Nowhere in her brief does Velez challenge the district court's reasoning that dismissal was appropriate because she failed to establish standing to sue or to provide a clear statement of her claims.  Rather, she simply expounds upon her broad allegations that Defendants "were attacking civil rights and liberties with legitimate lies and false claims deceiving the nation and breaching the public trust with felonious acts of deprivations of rights under the color of law."  Appellant's Br. at 6.  By not arguing that the district court erred in dismissing her complaint or in construing her second amended complaint as a motion for leave to amend and denying it, she has waived any challenge to the district court's order on appeal.

We have considered all of Velez's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3