14-3874-cv
*Terry v. Inc. Vill. of Patchogue*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2015
No. 14-3874-cv

HENRY R. TERRY,
*Plaintiff-Appellant,*

*v.*

INCORPORATED VILLAGE OF PATCHOGUE, INCORPORATED VILLAGE OF
PATCHOGUE BOARD OF TRUSTEES, PAUL V. PONTIERI, JR., IN HIS
OFFICIAL AND INDIVIDUAL CAPACITIES, BRIAN EGAN, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES, STEPHEN J. MCGIFF, IN HIS OFFICIAL
CAPACITY, GERALD J. CREAN, IN HIS OFFICIAL CAPACITY, JOSEPH P.
DEAN, IN HIS OFFICIAL CAPACITY, LORI B. DEVLIN, IN HER OFFICIAL
CAPACITY, WILLIAM HILTON, IN HIS OFFICIAL CAPACITY, JOHN A.
KRIEGER, IN HIS OFFICIAL CAPACITY, JOHN DOE, IN HIS/HER OFFICIAL
CAPACITY, PETER SARICH, AND JAMES NUDO,
*Defendants-Appellees.*[*]

————

Appeal from the United States District Court
for the Eastern District of New York

————

---

[*] The Clerk of Court is directed to amend the official caption to conform
with the caption above.

SUBMITTED: JUNE 14, 2016
DECIDED: JUNE 23, 2016

————

Before: NEWMAN, CABRANES, and CARNEY, *Circuit Judges*.

————

Plaintiff-appellant Henry R. Terry, proceeding pro se, appeals a September 10, 2014 judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*) dismissing his action against the Incorporated Village of Patchogue, the Village's Board of Trustees, and a host of individuals. Plaintiff's claims, which arise out of events spanning more than a decade, principally concern the Village's allegedly wrongful interference with his business interests and its maintenance of a police force that plaintiff believes to be unauthorized by law. Reviewing the District Court's dismissal *de novo, see Gelboim v. Bank of Am. Corp.*, --- F.3d ---, 2016 WL 2956968, at *5 (2d Cir. May 23, 2016), we affirm.

————

Henry R. Terry, Key West, FL, pro se, *for Plaintiff-Appellant*.

Melissa L. Holtzer and Brian S. Sokoloff, Sokoloff Stern, LLP, Carle Place, NY, *for Defendants-Appellees*.

————

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff-appellant Henry R. Terry ("plaintiff"), proceeding pro se, appeals a September 10, 2014 judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*) dismissing his action against the Incorporated Village of Patchogue (the "Village"), the Village's Board of Trustees, and a host of individuals (jointly, "defendants"). Plaintiff's claims, which arise out of events spanning more than a decade, principally concern the Village's allegedly wrongful interference with his business interests and its maintenance of a police force that plaintiff believes to be unauthorized by law. Reviewing the District Court's dismissal *de novo*, *see Gelboim v. Bank of Am. Corp.*, --- F.3d ---, 2016 WL 2956968, at *5 (2d Cir. May 23, 2016), we affirm.

To begin, we note that plaintiff's principal brief fails to address adequately the merits of most—arguably all—of the claims dismissed by the District Court. An appellant's brief must contain, among other elements, an argument section setting forth the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out "identifiable arguments" in his principal brief. *Donofrio v. City of New York*, 563 F. App'x 92, 93 (2d Cir. 2014) (summary order); *see LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Plaintiff's filing largely fails to do so. For

instance, plaintiff's complaint alleges at length that defendants committed fraud under state law by wrongfully charging that properties he owned were in violation of the Village's zoning and fire codes, *see* Verified Am. Comp. at 129-35, Terry v. Inc. Vill. of Patchogue, No. 2:09 Civ. 2333 (WFK) (GRB) (E.D.N.Y. Apr. 1, 2013), ECF No. 79; if this is mentioned at all in plaintiff's brief, it is in only the most general terms, *see* Pl.'s Br. 9 ("Defendants-Appellees . . . made false statements to force Plaintiff to give up his property and political rights."). More is required of even a pro se party.[1]

To the extent that plaintiff has adequately argued the merits of any claims on appeal, those arguments must be rejected. For a variety of reasons, the complaint fails to state a claim on which relief can be granted. For example, even if we were to read plaintiff's brief to raise contentions related to his claim that the Village committed fraud in connection with his attempt to purchase a property referred to as the "Weinstein Estate," *see* Verified Am. Comp. at 138-41, Terry v. Inc. Vill. of Patchogue, No. 2:09 Civ. 2333 (WFK) (GRB) (E.D.N.Y. Apr. 1, 2013), ECF No. 79, he would be unable to overcome the barrier of *res judicata*. Plaintiff brought an identical fraud claim in New York state court in 2009, and the court—characterizing plaintiff's allegations as "prolix[ ] [and] disjointed"—dismissed it for failure to state a claim. *Terry v. Inc. Vill. of Patchogue*, 886 N.Y.S.2d 72, at *4 (N.Y. Sup. Ct. Apr. 17, 2009) (unreported disposition). "We

---

[1] The requirement that a pro se litigant set out identifiable arguments in his briefing has special salience in this case: the complaint's allegations run on for 1,627 paragraphs spanning 207 pages, and are not by any means easily disentangled.

4

are required to give [this] state-court judgment the same preclusive effect it would have in New York," *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 397 (2d Cir. 1997), and we think it clear that the New York courts would deem it a disposition on the merits having *res judicata* effect, *see Feigen v. Advance Capital Mgmt. Corp.*, 146 A.D.2d 556, 557-58 (N.Y. App. Div. 1st Dep't 1989); *Furia v. Furia*, 116 A.D.2d 694, 695 (N.Y. App. Div. 2d Dep't 1986) (when a complaint is dismissed for legal insufficiency, it bars commencement of a new action for the same relief if the new complaint fails to correct the defects in the first).

Turning to plaintiff's next argument, the District Court did not "abuse its discretion" in implicitly denying plaintiff's motion to amend his complaint by dismissing the action while that motion was pending. *See Barani v. Dep't of Defense*, 518 F. App'x 48, 49 (2d Cir. 2013) (summary order); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178-179 (2d Cir. 2007). Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The new allegations plaintiff wished to assert—for instance, claims that he suffered discrimination on the basis of national origin and perceived disability, *see* S.A. 10-11; Pl.'s Br. 20—are merely conclusory. In the circumstances, the District Court had no reason to permit amendment.

We are likewise unconvinced by plaintiff's remaining arguments. Plaintiff devotes a good deal of attention, for example,

to the contentions that his case should have been handled in the Central Islip courthouse, not the Brooklyn courthouse, and that his case was not assigned to a judge randomly. But plaintiff's arguments are premised on violations of the Eastern District's Guidelines for the Division of Business Among District Judges, which expressly state that they "shall not be deemed to vest any rights in litigants or their attorneys." *See also United States v. Schlesinger*, 261 F. App'x 355, 360 (2d Cir. 2008) (summary order). Thus, even if plaintiff were to make out a violation of those Guidelines—which he has not—it would not entitle him to the relief he seeks.

## CONCLUSION

We have reviewed all of plaintiff's arguments on appeal and find them to be without merit. We thus **AFFIRM** the September 10, 2014 judgment of the District Court.