*Bandler v. Town of Woodstock*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

MICHAEL BANDLER, on behalf of himself and all others similarly situated,

>*Plaintiff-Appellant*,

> v.                                                                          19-4334

TOWN OF WOODSTOCK, and all other municipalities who have issued illegal traffic tickets, WOODSTOCK VILLAGE, and all other municipalities who have issued illegal traffic tickets, STATE OF VERMONT, and all other municipalities who have issued illegal traffic tickets,

>*Defendants-Appellees*,

JOHN DOES, 1-100,

>*Defendants*.

---

For Plaintiff-Appellant:                    MICHAEL BANDLER, pro se, Quechee, VT.

For Defendants-Appellees:                KAVEH S. SHAHI, Cleary Shahi & Aicher, P.C., Rutland, VT (*for* Town of Woodstock and Woodstock Village).

BENJAMIN D. BATTLES, Solicitor General, *for* Thomas J. Donovan, Jr., Attorney General of the State of Vermont, Montpelier, VT (*for* State of Vermont).

Appeal from an order of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Michael Bandler sued the Town and Village of Woodstock, Vermont, the State of Vermont, and John Doe defendants, asserting several due process claims under 42 U.S.C. § 1983 arising out of a traffic citation he received for allegedly driving over the speed limit. Prior to bringing the instant action, Bandler had lost his challenge to the citation in the Vermont Judicial Bureau and appealed that decision to the Vermont Superior Court, where the State dismissed the citation due to a defect in the relevant speed limit ordinance.

The district court below dismissed the action for lack of subject matter jurisdiction based on its determination that Bandler had not suffered an injury in fact. The district court later denied Bandler leave to amend his complaint on futility grounds. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Ordinarily, we review a district court's denial of leave to amend for abuse of discretion. When, however, the court denies leave to amend based on an interpretation of law, such as futility, we review the legal conclusion *de novo*." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 107–08 (2d

Cir. 2019).[1]     Where a proposed amended complaint "attempt[s] to cure deficiencies that led to a Rule 12[] dismissal, we consider the proposed amendments along with the remainder of the complaint, accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." *Id.* at 108.   "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies . . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

The judicial power of federal courts extends only to "Cases" and "Controversies."   U.S. Const. art. III, § 2; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546–47 (2016).   Thus, in order to bring suit in federal court, a plaintiff bears the burden of establishing that he has standing to sue.   *See Robins*, 136 S. Ct. at 1547.   Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."   *Id.*   To establish the traceability requirement of standing, a plaintiff must establish that the injury was not "self-inflicted" or "so completely due to the plaintiff's own fault as to break the causal chain." *St. Pierre v. Dyer,* 208 F.3d 394, 402 (2d Cir. 2000).

The district court made several determinations with regard to standing in its order denying leave to amend; however, the only one challenged on appeal is its determination that Bandler's payment of a $120 filing fee to appeal to the Vermont Superior Court was a self-inflicted injury. Bandler has waived any challenge to the district court's other determinations as to standing by failing to raise any arguments concerning them in his appellate brief.   *See Norton v. Sam's Club*,

---

[1]  Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

145 F.3d 114, 117 (2d Cir. 1998); *see also Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief.").

Review of the record and relevant case law reveals that the district court properly determined that Bandler's payment of a $120 filing fee was insufficient to establish standing. The payment of this fee, a financial loss, is sufficient to establish an injury in fact. *See Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 85 (2d Cir. 2013) ("Even a small financial loss is an injury for purposes of Article III standing."). However, Bandler has not alleged facts sufficient to establish that this injury was caused by or fairly traceable to the defendants' conduct because, as noted by the district court, it is clear under Vermont law that Bandler could have sought and obtained full reimbursement of the filing fee after his traffic citation was dismissed.

In his proposed amended complaint, Bandler alleges that he paid the fee to appeal from the Vermont Judicial Bureau's judgment against him, and that, while the appeal was pending in the Vermont Superior Court, the State dismissed his traffic citation based on the State's recognition of a defect in the Village speed limit ordinance. These facts, taken as true, indicate that Bandler's appeal was dismissed because of the State's concession of error, which would make Bandler the prevailing party on appeal. Rule 54(d)(1) of the Vermont Rules of Civil Procedure states that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party . . . unless the court otherwise specifically directs." Vt. R. Civ. P. 54(d)(1). The applicable Vermont statute similarly states that the "recovering party in the . . . Superior Courts or the Judicial Bureau"

4

is entitled to recover, *inter alia*, "the entry fees" paid, in a bill of costs. Vt. Stat. Ann. tit. 32, § 1471.[2] Contrary to Bandler's assertion, the Superior Court did not "otherwise specifically direct[]"; its order says merely that no "fine & surcharge" was "assessed against the defendant." Appellant's Br. Ex. C. Bandler argues that he could not have obtained reimbursement of the fee because the Superior Court's decision specifically omitted an award of costs. That characterization is inaccurate; the decision did not even mention costs or suggest in any way that they were barred. Thus, Bandler's allegation is speculative, as he was neither barred from receiving costs nor relieved of the obligation to seek them. He also suggests that he could not have obtained reimbursement because the "U.S. District Court" would not have had jurisdiction to consider a bill of costs. Reply Br. 3. However, it was in Vermont state court that he could have sought costs, not in the federal district court.

The district court correctly denied leave to amend because the proposed amended complaint did not cure the deficiencies that led to dismissal, namely, the failure to establish standing by alleging an injury in fact fairly traceable to the defendants' conduct.

We have considered all of Bandler's remaining arguments and find them to be either moot in light of the lack of standing or otherwise without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Since Bandler's entitlement to reimbursement of the filing fee is clearly established under Vt. R. Civ. P. 54(d)(1) and Vt. Stat. Ann. tit. 32, § 1471, it is not necessary to reach his arguments regarding the precedential value of an unpublished decision in *State v. Ramsay*, No. 2003-212, 2003 WL 25744779 (Vt. Aug. 1, 2003) (entry order).