22-1970-cv
Greer v. Fox News Media

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-three.

PRESENT: BARRINGTON D. PARKER,
　　　　　　GERARD E. LYNCH,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges.*

-----------------------------------------------------------------

STEVEN ERIC GREER,

　　　　*Plaintiff-Appellant*,

　　v.　　　　　　　　　　　　　　　　　　　　No. 22-1970-cv

FOX NEWS MEDIA, FOX CORPORATION, FOX NEWS NETWORK, LLC, LACHLAN MURDOCH, SUZANNE SCOTT, JUSTIN WELLS, CHARLES GASPARINO, FOX BUSINESS NETWORK, BRIAN JONES, NEWS CORPORATION, DOW JONES, THE WALL STREET JOURNAL, GERARD BAKER,

*Defendants-Appellees,*

TUCKER CARLSON, JENNIFER STRASBURG,
RUDOLPH GIULIANI, GMSC SECURITY,
BLAKE NEFF,

*Defendants.*

------------------------------------------------------------------

| FOR PLAINTIFF-APPELLANT: | STEVEN ERIC GREER, *pro se*, Port Saint Lucie, FL |
|---|---|
| FOR DEFENDANTS-APPELLEES: | STEVEN G. MINTZ (Terence W. McCormick, *on the brief*), Mintz & Gold LLP, New York, NY |
| FOR DEFENDANTS-APPELLEES FOX NEWS MEDIA, FOX CORPORATION, FOX NEWS NETWORK, LLC, LACHLAN MURDOCH, SUZANNE SCOTT, JUSTIN WELLS, CHARLES GASPARINO, FOX BUSINESS NETWORK, BRIAN JONES: | STEPHEN T. WU, Fox Corporation, Los Angeles, CA |

Appeal from a judgment entered in the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Steven Eric Greer, proceeding pro se, appeals from a September 8, 2022 judgment of the United States District Court for the Southern District of New

York (Swain, C.J.) dismissing and denying leave to amend his claims of unfair competition, unjust enrichment, misappropriation of "hot news," defamation, tortious interference with contractual relations and with prospective economic advantage, and intentional infliction of emotional distress against various news organizations and individuals. Greer primarily claims that the defendants used his news tips without compensating or crediting him, and that they also defamed him by "blacklisting" him from the news media industry. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

**I.    Dismissal of Greer's Claims**

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Alix v. McKinsey & Co., 23 F.4th 196, 202 (2d Cir. 2022). Although "[w]e construe a pro se complaint . . . to raise the strongest arguments it suggests," it must nevertheless "state a plausible claim for relief." Darby v. Greenman, 14 F.4th 124, 127–28 (2d Cir. 2021) (quotation marks omitted).

We begin with Greer's argument that the District Court erred in determining his unfair competition and unjust enrichment claims to be preempted by federal copyright law. "Section 301 of the Copyright Act expressly preempts a state law claim only if (i) the work at issue 'come[s] within the subject matter of copyright' and (ii) the right being asserted is 'equivalent to any of the exclusive rights within the general scope of copyright.'" Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012) (quoting 17 U.S.C. § 301(b)). Greer does not challenge the District Court's conclusion that his unfair competition and unjust enrichment claims are equivalent to claims within the general scope of copyright, and therefore satisfy the second preemption requirement. And in any event we have specifically held that both unfair competition claims "grounded solely in the copying of a plaintiff's protected expression" and unjust enrichment claims satisfy the general scope requirement. Nat'l Basketball Ass'n v. Motorola Inc., 105 F.3d 841, 851 (2d Cir. 1997) (unfair competition); see Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004) (unjust enrichment).

As to the first requirement, citing Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881 (2019), Greer argues that his unfair competition

4

and unjust enrichment claims are not preempted because they concern unprotectable ideas from blogs and emails, rather than reproduced portions of books, and therefore fall outside the subject matter of copyright. We disagree. The subject matter of copyright encompasses ideas expressed in "'any tangible medium,'" including blogs and emails. Forest Park Pictures, 683 F.3d at 429 (quoting 17 U.S.C. § 102(a)); see Compendium of U.S. Copyright Office Practices § 503.1(B) (3d ed. 2021) (including in its non-exhaustive list of "representative examples" of protectable nondramatic literary works: "nonfiction, . . . written communications (e.g., letters, email messages), . . . online textual works (e.g., blogs, website text), and similar types of textual works"). And although copyright protection "does not extend to an idea," we have explained that where "the ideas that are the subject of the claim were fixed in writing—whether or not the writing itself is at issue—the claim is within the subject matter of copyright" for purposes of preemption. Forest Park Pictures, 683 F.3d at 429–30 (quotation marks omitted) (emphasis added). So even if we assume that the "factual content" in Greer's blogs and emails is itself "uncopyrightable," expressing that content in a blog, email, or other tangible medium nonetheless brings it within the subject matter of federal copyright law. See id. Fourth Estate did not disturb

5

these principles. For these reasons, we conclude that the District Court did not err in dismissing Greer's unfair competition and unjust enrichment claims as preempted.

We also affirm the District Court's judgment insofar as it dismissed Greer's misappropriation of "hot news" claim because Greer failed adequately to allege the basic elements for such a claim, namely: (1) that he gathered "time-sensitive" information, (2) that he was in "direct competition" with the defendants, and (3) that the defendants' "free riding" on his efforts to collect information "substantially threaten[s]" the "existence or quality" of his journalism. Nat'l Basketball Ass'n, 105 F.3d at 845.

Nor are we persuaded by Greer's argument that the District Court erred in dismissing his defamation claim. To prove a claim for defamation under New York law a plaintiff must show: "(1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of harm." Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 245 (2d Cir. 2017) (quotation marks and emphasis omitted). In support of his defamation claim, Greer points to three separate incidents in his complaint, but he identifies

6

only one specific published statement that might qualify as defamatory. That statement, that he was a "nut," is not defamatory because it "amount[s] to no more than name-calling or a general insult, a type of epithet not to be taken literally and not deemed injurious to reputation." Klepetko v. Reisman, 839 N.Y.S.2d 101, 102 (2d Dep't 2007) (quotation marks omitted). Accordingly, we conclude that the District Court did not err in dismissing Greer's defamation claim.

Finally, we conclude that Greer has abandoned his tortious interference and intentional infliction of emotional distress claims because, even reading his appeal brief liberally, he does not contend that the District Court erred in dismissing them. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005). We therefore affirm the District Court's dismissal of those claims.

**II.    Leave to Amend**

Greer also argues that the District Court erred in denying him leave to amend his complaint a third time to add an implied-in-fact contract claim. Generally, "[w]e review the District Court's denial of leave to amend for abuse of discretion," Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018), unless the denial is

7

"based on a legal interpretation, such as a determination that amendment would be futile," in which case we apply de novo review, Smith v. Hogan, 794 F.3d 249, 253 (2d Cir. 2015) (quotation marks omitted). "Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim . . . ." In re Tribune Co. Fraudulent Conveyance Litig., 10 F.4th 147, 175 (2d Cir. 2021) (quotation marks omitted).

Here, amendment would be futile because Greer's proposed amendments fail to state a claim for breach of an implied-in-fact contract. Under New York law, "[a]n implied-in-fact contract requires such elements as consideration, mutual assent, legal capacity and legal subject matter." Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368, 376 n.5 (2d Cir. 2000) (quotation marks omitted). In particular, "[t]he element of mutual assent . . . must be inferred from the facts and circumstances of each case, including such factors as the specific conduct of the parties, industry custom, and course of dealing." Id. Greer's proposed amendments fail to allege that there was mutual assent between him

8

and the defendants to compensate or credit him for his news tips.  Accordingly, we conclude that the District Court did not abuse its discretion in denying Greer's motion for leave to amend his complaint a third time.

We have considered Greer's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court