Drew v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of April, two thousand twenty-three.

PRESENT:
> **GUIDO CALABRESI,**
> **MICHAEL H. PARK,**
> **EUNICE C. LEE,**
> *Circuit Judges.*

---

Keith Drew,

> *Plaintiff-Appellant,*

> v.

City of New York, Unknown Employee, Unknown Supervisor,                    **21-1194**

> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | RAYMOND D. MOSS (Karen R. King, Daniel P. Gordon, Sloane Lewis, *on the brief*), Morvillo Abramowitz Grand Iason & Anello P.C., New York, N.Y. |
| **FOR DEFENDANTS-APPELLEES:** | PHILIP W. YOUNG (Richard Dearing, Devin Slack, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Keith Drew, proceeding pro se below, sued the City of New York ("the City") and two unknown defendants, alleging that the City's handling of his inmate account while he was in custody violated his constitutional rights. After the deadline for amending the pleadings passed and discovery closed, Drew moved to amend his complaint to add named parties in place of the unknown defendants. The magistrate judge denied Drew's motion as untimely because he did not show good cause. The district court then granted the City's motion for summary judgment. *See Drew v. City of New York*, No. 18-CV-011709, 2021 WL 1226413, at *1 (S.D.N.Y. Mar. 31, 2021). Drew appealed and was appointed counsel by a panel of this Court. On appeal, Drew argues that the district court (1) applied the wrong standard to his procedural due process claim, (2) abused its discretion by failing to construe his complaint as alleging state-law claims for conversion and negligence, and (3) abused its discretion by denying Drew leave to amend to add unnamed parties and then dismissing his claims against those parties. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Procedural Due Process Claim**

The parties agree that the district court applied the wrong legal standard to Drew's procedural due process claim. "[I]n evaluating what process satisfies the Due Process Clause, the Supreme Court has distinguished between (a) claims based on established state procedures and

(b) claims based on random, unauthorized acts by state employees." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (internal quotation marks omitted). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy. In contrast, when the deprivation is pursuant to an established state procedure . . . the availability of post-deprivation procedures will not, *ipso facto*, satisfy due process." *Id.* (internal quotation marks omitted). In instances of deprivation pursuant to established state procedures, the court determines the process due by balancing the three factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rivera-Powell*, 470 F.3d at 466. Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Drew alleged that "[a]ll deprivations . . . occurred in accordance with official custom and policy of" the New York City Department of Correction. App'x at A25. But the district court applied the standard for "random, unauthorized acts" and concluded that the availability of post-deprivation remedies satisfied due process. *See Drew*, 2021 WL 1226413, at *6. This was error. We thus vacate the grant of summary judgment and remand for consideration of Drew's procedural due process claim under the *Mathews* factors and Drew's important interest in his inmate account.[1]

---

[1] The district court also erroneously stated that all claims "arising out of transactions occurring

3

## II. State-Law Conversion and Negligence Claims

Drew argues that the district court should have construed his complaint to allege conversion and negligence claims under state law. We agree. "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). Under New York law, a "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49–50 (2006) (citation omitted). Drew's complaint made numerous allegations that the City "confiscated or forfeited Plaintiff [sic] personal property, without adequate process, statutory authority, or legitimate penological objective in violation of Due Process." App'x at A16. Drew's complaint also alleged negligence. *See id.* at A22 (alleging that the City "has been reckless and negligent in forfeiting [his] monetary assets"). Indeed, the City's answer referenced "state-law claims." *Id.* at A66. Under these circumstances, the district court should have considered Drew's state-law claims.[2] *See Triestman*, 470 F.3d at 475 (vacating and remanding dismissal of a pro se complaint when "the

before November 8, 2016 are barred" by Drew's settlement agreement with the City. *Drew*, 2021 WL 1226413, at *5. The parties agree that the agreement bars only claims that *accrued* on or before November 8, 2016.

[2] The City argues on appeal that Drew was not entitled to any pro se solicitude because of the number of cases he has litigated. The City waived this argument below. *See* App'x at A322 ("[T]he court must read the *pro se* party's supporting papers liberally and interpret them to raise the strongest arguments they suggest." (alterations adopted and internal quotation marks omitted)); *see also United States v. Gomez*, 877 F.3d 76, 94–95 (2d Cir. 2017) ("It is well settled that arguments not presented to the district court are considered waived or forfeited and generally will not be considered for the first time on appeal." (alteration adopted and internal quotation marks omitted)).

language in [the plaintiff's] submissions is broad enough to cover the . . . theory" of the claim (internal quotation marks omitted)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) (vacating dismissal of pro se complaint for insufficient pleading when the complaint "gives [the defendant] notice of [the plaintiff's] claim and the grounds upon which it rests [] is sufficient to satisfy Rule 8(a)"). The City's argument that Drew failed to enumerate state-law claims in the caption of his complaint is meritless. *See Quinones v. City of Binghamton*, 997 F.3d 461, 469 (2d Cir. 2021) (rejecting the argument that a district court may limit a pro se complaint when the plaintiff "fail[s] to enumerate [the claim] as a separate cause of action").

**III.     Denial of Leave to Amend**

Finally, Drew argues that "the district court abused its discretion in denying Drew's motion for leave to amend his complaint." Supp. Br. at 37–38. We agree that Drew should have been granted leave to amend. "[D]istrict judges should, as a general matter, liberally permit pro se litigants to amend their pleadings." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016); *see also Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (suggesting that "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim" (internal quotation marks omitted)).

We have considered all of the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5