22-983-cv
Sposato v. Commissioner of Social Security

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges.*

-------------------------------------------------------------------

HEMWATIE S. SPOSATO,

*Plaintiff-Appellant,*

v.                                                        No. 22-983-cv

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

-------------------------------------------------------------------

FOR APPELLANT:                          Hemwatie S. Sposato, pro se,
                                        North Syracuse, NY

1

FOR APPELLEE:                    Johanny Santana, Special
                                 Assistant United States Attorney,
                                 *for* Carla B. Freedman, United
                                 States Attorney for the Northern
                                 District of New York; Ellen
                                 Sovern, Associate General
                                 Counsel, Office of Program
                                 Litigation, Baltimore, MD

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Hemwatie S. Sposato, proceeding *pro se*, appeals the District Court's grant of judgment on the pleadings to the Commissioner of Social Security in connection with the denial of Sposato's Social Security disability insurance benefit claim.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Sposato's sole argument is that the Administrative Law Judge (ALJ) "did not review all [her] medical records that [she] submitted . . . and missed two very crucial records that clearly state [her] medical condition of

2

*Crohns diseaese* [sic]." Appellant's Br. 2. We reject that argument because the ALJ in fact found that she had Crohn's disease. R. 16 ("The claimant has the following severe impairments: Crohn's disease . . . .").

In the proceedings before the District Court, Sposato argued that substantial evidence did not support the ALJ's residual functional capacity determination. She has not renewed that challenge on appeal, and we therefore deem it abandoned and decline to revisit the ALJ's determination. Although we afford *pro se* litigants a degree of latitude, "we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998); *Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out 'identifiable arguments' in his principal brief.").

For the foregoing reasons, the judgment of the District Court is

AFFIRMED.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Clerk of the Court is directed to restrict remote access to the docket and documents filed in this Social Security appeal pursuant to Federal Rule Civil Procedure 5.2(c). *See* Fed. R. App. P. 25(5) ("An appeal in a case whose privacy protection was governed by . . . Federal Rule of Civil Procedure 5.2 . . . is governed by the same rule on appeal.").

4