22-2659-cv
Thomas v. Metro. Transp. Auth.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-four.

PRESENT:  JOSÉ A. CABRANES,
                   RICHARD C. WESLEY,
                   RAYMOND J. LOHIER, JR.,
                         *Circuit Judges.*

------------------------------------------------------------------

CAZÉ D. THOMAS,

     *Plaintiff-Appellant*,

          v.                                                          No. 22-2659-cv

METROPOLITAN TRANSPORTATION AUTHORITY, FIVE STAR ELECTRIC CORP.,

     *Defendants-Appellees*,

DEPARTMENT OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     *Defendant.**

------------------------------------------------------------------

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:     Cazé D. Thomas, *pro se*, Fresh Meadows, NY

FOR APPELLEE METROPOLITAN Jason Douglas Barnes, TRANSPORTATION AUTHORITY: Metropolitan Transportation Authority, New York, NY

FOR APPELLEE FIVE STAR  Jessica C. Moller, Bond, ELECTRIC CORP.:    Schoeneck & King, PLLC, Garden City, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Cazé D. Thomas, proceeding *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*) dismissing his complaint against the Metropolitan Transportation Authority ("MTA") and Five Star Electric Corp. alleging, among other claims, sex discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-101 *et*

2

*seq.*, and the Equal Protection Clause of the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Thomas identifies as a transgender man and was formerly employed by Five Star. He alleges that his supervisor at Five Star both misgendered him and directed him to stay with his assigned work partner at all times, including in the bathroom. Thomas also alleges that an MTA security guard followed him into the bathroom and other Five Star employees spread innuendo about his personal life. Thomas was terminated by Five Star after conflicts with his apprentice culminated in a shouting match. Largely adopting the report and recommendation of the Magistrate Judge (Lehrburger, *M.J.*), the District Court dismissed Thomas's Title VII, NYSHRL, and Equal Protection claims for failure to state a claim and declined to exercise supplemental jurisdiction over his NYCHRL claims. *See generally Thomas v. Five Star Elec.*, No. 18-cv-3691 , 2022 WL 2531323 (S.D.N.Y. May 5, 2022), *report and recommendation adopted in part, rejected in part*, 2022 WL 4286601 (S.D.N.Y. Sept. 16, 2022).

On appeal, Thomas's brief does not make any specific arguments or identify any specific errors by the District Court,[1] except to say that the District Court should have granted rather than denied leave to amend his complaint. Having already twice amended his complaint, Thomas needed to explain how he would again amend his complaint to fix the problems the District Court identified. Instead of doing so, however, Thomas points us to broad and irrelevant allegations of ex parte communications between the District Court and the Defendants. Having carefully reviewed Thomas's complaint and submissions on appeal, we find no error in the District Court's dismissal of the complaint with prejudice.

---

[1] Although we afford *pro se* litigants a degree of latitude, "we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998); *Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("[E]ven a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (quotation marks omitted)). Because Thomas has failed to identify any errors in the District Court's dismissal of his claims on the merits and its refusal to exercise supplemental jurisdiction over his NYCHRL claim, we affirm the District Court judgment as to those issues.

For the foregoing reasons, the judgment of the District Court is

AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court