*Burke v. Housing & Services, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-four.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

BRIAN BURKE,

> *Plaintiff-Appellant,*

> v.                                                                   No. 23-635

HOUSING AND SERVICES, INC., KENMORE
HOUSING DEVELOPMENT FUND
CORPORATION, KENMORE ASSOCIATES, L.P.,
CITY UNIVERSITY OF NEW YORK, KENMORE
HOUSING CORPORATION, NEW YORK STATE

ATTORNEY GENERAL, NEW YORK CITY
TRANSIT AUTHORITY,

*Defendants-Appellees*,

VERIZON COMMUNICATIONS, INC., NEW
YORK CITY HEALTH AND HOSPITALS
CORPORATION (BELLEVUE), NEW YORK
POLICE DEPARTMENT, NEW YORK CITY FIRE
DEPARTMENT, RYAN CAMIRE, L.C.S.W.,
TRANSPORT WORKERS UNION LOCAL 100,
MADELINE O'BRIEN, M.D., JOHN/JANE DOE,
et al., DERICK ECHEVARRIA, JOHNSON
CONTROLS, INC., CITY OF NEW YORK,

*Defendants*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | BRIAN BURKE, *pro se*, New York, NY. |
| **For Defendants-Appellees Housing and Services, Inc., Kenmore Housing Development Fund Corporation, Kenmore Associates, L.P., and Kenmore Housing Corporation:** | Jeffrey N. Rejan, Malapero Prisco & Klauber LLP, New York, NY. |
| **For Defendants-Appellees City University of New York and New York State Attorney General:** | Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, New York, NY. |

| | |
|---|---|
| **For Defendant-Appellee New York City Transit Authority:** | David I. Farber, General Counsel, Robert K. Drinan, Executive Agency Counsel, New York City Transit Authority, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 16, 2023 judgment of the district court is **AFFIRMED**.

Brian Burke, proceeding *pro se*, appeals from a judgment of the district court dismissing his claims against various defendants – including his former employer, his landlord, the City of New York, hospital employees, and emergency workers – who allegedly caused him to lose his job, deprived him of his pension benefits, attempted to evict him from his apartment, and defamed him in his hospital records. We assume the parties' familiarity with the underlying facts, procedural history, and issues in dispute, to which we refer only as necessary to resolve this appeal.

## I. March 29, 2019 and November 6, 2020 Orders Granting Motions To Dismiss

Burke first challenges the district court's March 2019 and November 2020 orders dismissing his claims against the New York State Attorney General, the

City of New York (the "City"), New York City Health & Hospitals ("Bellevue"), the Transport Workers Union Local 100 (the "Union"), and the New York City Transit Authority (the "Transit Authority").[1] "We review *de novo* a district court's dismissal of a complaint for lack of standing and for failure to state a claim." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (citations omitted).

Burke contends that the district court erred in dismissing his claims against the Attorney General – by which he sought to enjoin enforcement of New York Labor Law § 190(3) – for lack of standing. Burke forfeited this argument, however, when he failed to object to the portion of the magistrate judge's report and recommendation that proposed dismissal of this claim on standing grounds. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and

---

[1] The district court's orders also dismissed Burke's claims against Verizon Communications, Inc., the New York City Police Department (the "NYPD"), the New York City Fire Department ("FDNY"), Ryan Camire, Madeline O'Brien, Derick Echevarria, Johnson Controls, Inc., and several John and Jane Does. On appeal, Burke expressly abandoned his claims against the NYPD, the FDNY, Johnson Controls, and Echevarria. Moreover, Burke's brief does not advance any argument challenging the dismissal of his claims against Verizon, Camire, O'Brien, or the Doe defendants, and he thus forfeited any appeal as to those claims. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)).

recommendation operates as a [forfeiture] of further judicial review of the magistrate's decision.").

Burke next argues that the district court erred by refusing to toll the statute of limitations for his defamation and medical malpractice claims against the City and Bellevue. But equitable tolling requires a showing that "the defendant actively misled the plaintiff," which Burke did not plausibly allege in his amended complaint. *O'Hara v. Bayliner*, 89 N.Y.2d 636, 646 (1997).

As to Burke's breach-of-contract claims against the Transit Authority, his former employer, Burke now argues that the district court should have excused his failure to exhaust administrative remedies because such exhaustion would have been futile. Yet Burke never raised this argument when opposing the Transit Authority's motion to dismiss. As a result, he has forfeited that argument on appeal. *See Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 50 (2d Cir. 2015) ("It is well settled that arguments not presented to the district court are considered [forfeited] and generally will not be considered for the first time on appeal.").

And while Burke contends that the district court erred in dismissing his claim against the Transit Authority under the Racketeer Influenced and Corrupt

5

Organizations Act ("RICO"), 18 U.S.C. § 1964(c), he argues only that RICO should apply to public agencies. That argument "fails to address adequately the merits" of the district court's dismissal of his RICO claim, which was based on Burke's failure to allege a pattern of racketeering activity. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (rejecting non-responsive argument because "even a litigant representing himself is obliged to set out identifiable arguments in his principal brief" (internal quotation marks omitted)).

Finally, Burke argues that the Union breached its duty of fair representation by failing to schedule an arbitration for him. It is well settled, however, that public employees like Burke cannot bring claims of this sort under the Labor Management Relations Act. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1075 (2d Cir. 2021) ("As the statute makes clear, however, public employees are not covered by the [Labor Management Relations Act].").

For all these reasons, the district court did not err in dismissing Burke's claims against the Attorney General, the City, Bellevue, the Transit Authority, and the Union.

## II. March 16, 2023 Order Granting Summary Judgment

Burke also challenges the district court's grant of summary judgment dismissing his remaining claims against Housing and Services, Inc., Kenmore Housing Development Fund Corporation, Kenmore Associates, L.P., and Kenmore Housing Corporation (collectively, "Kenmore"). We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Burke argues that the district court erred in granting summary judgment on his RICO and section 1983 claims because Kenmore did not negotiate with Burke in good faith during court-ordered mediation. But Kenmore's good faith – or lack thereof – during mediation had no bearing on the district court's grant of summary judgment, which instead turned on the fact that Burke failed to demonstrate that Kenmore was a state actor or had committed RICO predicate acts. *See Terry*, 826

F.3d at 632–33 (rejecting argument that failed to address the merits of the district court's decision).  In light of his failure to raise any argument as to how the district court erred, Burke has forfeited any challenge to the district court's summary judgment order.

*   *   *

We have considered Burke's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court