23-7529-cv
*Phipps v. Experian Information Solution, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUM- MARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FED- ERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

DERRICK PHIPPS,

> *Plaintiff-Appellant,*

v.                                                                          23-7529-cv

EXPERIAN INFORMATION SOLUTIONS, LLC,

> *Defendant-Appellee,*

---

| | |
|---|---|
| For Plaintiff-Appellant: | DEREK PHIPPS, *pro se*, Middletown, NY. |
| For Defendant-Appellant: | MEIR FEDER, KERIANNE N. TOBITSCH, GRAZIELLA PAS- TOR, Jones Day, New York, NY. |
| | JEFFREY R. JOHNSON (*on the brief*), ALEXA R. BALTES, Jones Day, Washington DC. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Derrick Phipps, proceeding *pro se*, appeals a September 23, 2023 judgment of the United States District Court for the Southern District of New York (Román, *J.*), dismissing his action alleging Experian Information Solutions, LLC ("Experian"), a credit reporting bureau, violated the Fair Credit Reporting Act ("FRCA"). Prior to commencing this litigation, Phipps sent numerous letters over the course of several years, first requesting that Experian update the name and address reflected in his credit file, and then later claiming to be a victim of identity theft and requesting that Experian block allegedly fraudulent inquiries on his credit. Experian responded to each of Phipps's letters by providing available avenues of recourse, while also blocking six allegedly fraudulent inquiries. The district court, at the summary judgment stage, dismissed the action due to the plaintiff's failure to demonstrate standing to sue in federal court, concluding that he had not established a concrete injury traceable to the inaccurate personal information included in the defendant's report. This appeal followed.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

This Court "review[s] the dismissal of claims for lack of standing *de novo*," *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 113 (2d Cir. 2024), and at the summary judgment stage, we "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable

inferences in its favor," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (alterations in original).

The federal judicial power "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting U.S. CONST. art. III, § 2). For a matter to qualify as "a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). To establish standing, a "plaintiff must have (i) suffered an injury in fact; (ii) that is fairly traceable to the challenged conduct of the defendant; and (iii) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 578 U.S. at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury must be "concrete and particularized" and "actual or imminent" to meet the constitutional requirements for standing. *Lujan*, 504 U.S. at 560. Thus, even when a plaintiff has adduced evidence of a defendant's statutory violation, the "plaintiff cannot establish Article III standing by relying entirely on a statutory violation" but must instead show "concrete harm." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (citing *TransUnion*, 594 U.S. at 442).

Our review is guided by the issues presented by the parties on appeal. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) ("[W]e need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief."). An appellant's brief is required to include "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). As such, while this Court does "accord filing[s] from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out 'identifiable arguments' in his principal brief." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2019). Here, Phipps's brief offers few arguments

3

focused on the decision of the district court, providing instead reproductions of the Supreme Court's decision in *TransUnion v. Ramirez* and pages from the district court's decision.

To the extent the plaintiff has adequately set out arguments on appeal, the arguments lack merit. *TransUnion* does not dictate that a credit reporting agency's dissemination of *any* inaccurate information to third parties constitutes a concrete injury sufficient to establish Article III standing. Rather, *TransUnion* holds that because the dissemination of information "label[ing] class members as potential terrorists" inflicts a harm similar to that suffered when a defamatory statement subjects a person to "hatred, contempt or ridicule," the affected class members had suffered a concrete injury and thus had standing to sue. *TransUnion*, 594 U.S. at 432 (quoting *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 13 (1990)). And in *Spokeo, Inc. v. Robins*, the Supreme Court made clear that "not all inaccuracies cause harm or present any material risk of harm." 578 U.S. at 342. We agree with the district court that the dissemination of false information alleging a person is a "potential terrorist" is very different from the inconsistencies at issue here. Incorrect address information, a one-year disparity in birth year, and slight variations of the appellant's name are the types of inaccuracies that do not, without more, "work any concrete harm" by virtue of their dissemination alone. *See id.* (providing the example of "the dissemination of an incorrect zip code" as an inaccuracy that "does not present any material risk of harm").

The district court also held that evidence adduced at the summary judgment stage failed to show Phipps suffered any concrete financial injury fairly traceable to the defendant's conduct, concluding that none of the financial harms suffered by Phipps were linked to the inaccuracies disseminated to third parties. Because Phipps did not attempt to argue that these harms, or any other injuries suffered, were connected to the inaccurate information disseminated by Experian in

4

his briefing before this Court, we need not take up these issues on appeal. *See Moates*, 147 F.3d at 209.

* * *

We have considered Phipps's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court