24-2332-cv
*Gilliam v. New York State Board of Law Examiners*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-five.

**PRESENT:**
> **REENA RAGGI,**
> **BETH ROBINSON,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

**James W. Gilliam,**

> *Plaintiff-Appellant,*

> v.                                                            **24-2332-cv**

**The New York State Board of Law Examiners,**
**Carmen Beauchamp Ciparick, Chairperson,**

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                James   W.   Gilliam,   *pro   se*,
Warwick, NY.

**FOR DEFENDANTS-APPELLEES:**               Barbara D. Underwood, Solicitor General, Matthew W. Grieco, Senior Assistant Solicitor General, David Lawrence III, Assistant Solicitor General of Counsel, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered September 24, 2024 is **AFFIRMED AS MODIFIED**.

James Gilliam, representing himself, sued the New York Board of Law Examiners (the "Board") and its chairperson, Carmen Beauchamp Ciparick, pursuant to 42 U.S.C. § 1983, alleging that they violated his Fourteenth Amendment rights by excluding him from sitting for the New York bar exam, and seeking an order requiring the Board to permit him to sit for the exam. On the defendants' motion the district court dismissed the complaint with prejudice on the grounds that Gilliam lacked standing because the Board had not yet decided his eligibility to sit for the bar exam, and that his claims were barred by the Eleventh Amendment. *See generally Gilliam v. N.Y. State Bd. of L. Exam'rs*, No. 23-

2

CV-05201, 2024 WL 3862273, at *4 (S.D.N.Y. Aug. 19, 2024). Gilliam appealed. For the reasons set forth below, we **AFFIRM** the district court's judgment, **AS MODIFIED BY THIS ORDER**.

In his appeal brief, Gilliam does not address the district court's reasons for dismissing his claims on jurisdictional and Eleventh Amendment grounds. Instead, he argues only about the merits of his claims.

While we "liberally construe pleadings and briefs submitted by pro se litigants," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted), litigants representing themselves must still comply with Federal Rule of Appellate Procedure 28(a), which requires them "to provide the court with a clear statement of the issues on appeal," *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam). We generally deem arguments not raised in an appellate brief abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *see also Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)).

Because he does not challenge the district court's standing determination on appeal, Gilliam has abandoned any challenge to a dispositive ground for the district court's dismissal of all his claims. *See LoSacco*, 71 F.3d at 92. We therefore decline to consider his arguments concerning the merits of his claim.

However, because standing implicates subject matter jurisdiction, the district court should have dismissed Gilliam's claims without prejudice so that he could seek to file his claims anew if he later has standing. *See Green*, 16 F.4th at 1074. We therefore modify the judgment to dismiss the complaint without prejudice. *See United States v. Adams*, 955 F.3d 238, 250–51 (2d Cir. 2020) (observing our authority to modify and affirm judgments under 28 U.S.C. § 2106).

Accordingly, we **AFFIRM AS MODIFIED ABOVE** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4