Quint v. Martin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER).   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> *Circuit Judges.*

———————————————————————————

Mr. Richard R. Quint,

> *Plaintiff-Appellant*,

> v.                                                                              **23-6497**

Warden Martin, Lieutenant Hackett, Spieght, C/O, in both their official and individual capacities, Ms. King, Counselor, Jones, Counselor, in both their official and individual capacities, Prison Medical Providers, in both their official and individual capacities, Kara Philips, Medical Supervisor, in both their official and individual capacities, Jacko Russo, Counselor, in both their official

and individual capacities, Angel Quiros, Doctor Rader, Nurse Jesse Jusseaume, Nurse Tracy Patterson, Pierson, Colleen Gallager, Warden McClenden, Doctor Blumberg, Nurse Erica, Nurse Tanisha, Nurse Baladini, Lietenant Goldman, Nurse Jacksen, Nurse Shaniqua Parker, Nurse Stephanie, Elizabeth Oei, Advanced Practice Registered Nurse,

*Defendants-Appellees*,

Spiedght, C/O, Doctor Raden, in both their official and individual capacities, Tara Philips, Jack Russo, Counselor, in both their official and individual capacities, Registered Nurse Tracy Paterson, in both their official and individual capacities, Nurse Jesse,

*Defendants.*

---

FOR PLAINTIFF-APPELLANT:    Richard R. Quint, Pro Se, Suffield, CT.

FOR DEFENDANTS-APPELLEES:   Frank J. Garofalo III, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Dooley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

2

Appellant Richard Quint, pro se, appeals the order of the district court dated May 2, 2023, denying a preliminary injunction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a preliminary injunction for abuse of discretion. *Havens v. James*, 76 F.4th 103, 122 (2d Cir. 2023). "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 172 (2d Cir. 2022) (internal quotation marks omitted).

"We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). We "generally do not hold pro se litigants rigidly to the formal briefing standards set forth in Fed. R. App. P. 28," but "we need not manufacture claims of error for an appellant proceeding pro se, especially when he has raised an issue below and elected not to pursue it on appeal." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (emphasis omitted). This court "consider[s] abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted). Even for pro se litigants, merely mentioning an issue "in only the most

3

general terms" is insufficient to save an argument from abandonment. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

A motions panel of this court previously directed that the parties brief "(1) whether the district court abused its discretion in denying Appellant a preliminary injunction to have his medications brought to him; and (2) whether the existing records support a preliminary injunction for Appellant to have his medications brought to him," among any other issues the parties wished to address. Instead, on appeal, Quint offers conclusory allegations about the defendants' "continuing course of conduct" regarding his medical care—alongside other arguments irrelevant to whether a preliminary injunction should be issued—and states only briefly that he believes the district court should have entered a preliminary injunction. Because he asserts "in only the most general terms" that the district court should have granted a preliminary injunction—and, in doing so, identifies neither a factual nor a legal basis to conclude that the district court abused its discretion—Quint has abandoned any argument to that effect. *Terry*, 826 F.3d at 633. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4